IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30096
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED RHOADS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 93-CR-354-G
- - - - - - - - - -
September 16, 1998

Before REAVLEY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Fred Rhoads appeals the sentence imposed after he was convicted of mail fraud. He argues that the district court's $50,000 restitution order, requiring payment to the Louisiana Insurance Guaranty Association (LIGA), should have been offset by $30,000, the amount he agreed to pay the Louisiana Department of Insurance in a settlement executed prior to sentencing. Alternatively, he argues that the district court was foreclosed from ordering <u>any</u> amount of restitution. Rhoads acknowledges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he failed to object to the court's order of restitution, but

argues that the offset issue was preserved for review because it was brought to the court's attention by the government's attorney.  Alternatively, he argues that both the failure to make an offset and the imposition of any restitution amount to plain error.

Under the circumstances of this case, we conclude that Rhoads did not preserve either issue for review.  Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors:  (1) there is an error, (2) that is clear or obvious, and (3) that affects the appellant's substantial rights.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).  If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Olano, 507 U.S. at 732-37.

Neither of Rhoads's contentions demonstrate an error that is "clear or obvious."  See United States v. Sheinbaum, 136 F.3d 443, 447-49 (5th Cir. 1998); Calverley, 37 F.3d at 162-63. Insofar as he argues that the $30,000 civil settlement should be offset against the $50,000 restitution order, we have recognized that "a court may offset restitution in a criminal's case by the amount of a civil settlement to avoid double recovery by

victims." United States v. Coleman, 997 F.2d 1101, 1107 (5th Cir. 1993) (quoting United States v. Rico Indus., Inc., 854 F.2d 710, 715 (5th Cir. 1988)).  Rhoads does not demonstrate that an offset is necessary to prevent a double recovery, as he has not shown that the combined $80,000 in criminal restitution and settlement of the civil actions would compensate LIGA for more than its actual losses.  The presentence report estimated LIGA's losses at over $19 million.

Insofar as Rhoads argues that the civil settlement forecloses altogether an order of restitution in the criminal matter, we conclude that the result in Coleman turned on the fact that "the same parties were involved in both criminal and civil proceedings."  Coleman, 997 F.2d at 1107.  "[A]s Coleman stressed, it was the fact that the government negotiated the settlement with the defendants that created an estoppel issue."  Sheinbaum, 136 F.3d at 448.  In the pending case, neither the federal government nor LIGA were parties to the civil settlement.

AFFIRMED.